IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02436-PAB-KMT

BROADSHEET LLC, an Isle of Man entity,

    Petitioner,

To Issue Subpoenas For the Production of Documents.

---

**ORDER**

---

This matter is before the Court on the Petition and Application for Order Under 28 U.S.C. § 1782 Permitting Applicants to Issue Subpoenas for the Production of Documents from the Estate of Edgar Jerome "Jerry" James and Related Individuals (the "Petition") [Docket No. 1] filed by petitioner Broadsheet LLC.

## I.  BACKGROUND

Petitioner requests discovery "in connection with *Broadsheet LLC v. The National Accountability Bureau of the Islamic Republic of Pakistan*, an arbitration claim noticed under the Rules of the Chartered Institute of Arbitrators, London (to be held in Dublin), by Broadsheet (IOM) against the Government of Pakistan." Docket No. 3 at 5. Petitioner also seeks discovery for another contemplated foreign arbitral claim against the government of Pakistan. *See id.*

Petitioner's arbitral claims against Pakistan arise out of a contract it entered into with Pakistan's National Accountability Bureau on June 20, 2000. Pursuant to that agreement, petitioner – an entity created by Mr. Jerome James and Dr. William F. Pepper – was granted the exclusive right to recover assets misappropriated by

Pakistani government officials.  Petitioner alleges that the Pakistani government failed to assist petitioner, as required by their contract, and impermissibly entered into settlements with individuals that deprived petitioner of fees for recovering lost assets.

Petitioner contends that the Estate of Edgar Jerome "Jerry" James, Steeplechase Advisors LLC (a/k/a Steeplechase Financial Services LLC and Steeplechase Capital LLC), Broadsheet LLC (Colorado), Sovereign Corporate & Fiscal Services (Colorado) LLC, and Douglas M. Tisdale, Sr., Esq., "almost certainly have within their possession custody or control documents containing evidence that would prove [petitioner's] efforts to fulfill its obligations under the Agreement with the Government, and to disprove the Government's proffered reasons for its numerous breaches and purported termination."  Docket No. 3 at 6.  Petitioner also contends that, in May 2008, at a time when petitioner was dissolved, Mr. James apparently created shell companies in Gibraltar and Colorado, including Broadsheet LLC (Colorado), to settle all claims by petitioner against the Pakistani government.[1]  *See* Docket No. 3 at 6; *see id.* at 6-7 ("[T]he Manx liquidator did not authorize this settlement at any time before or after such dissolution.").  Petitioner avers that neither of its entity members "provided Mr. James with powers of attorney to act on their behalf in May 2008, or at any time, and if they had, the powers of attorney would have terminated when Broadsheet (IOM)

---

[1] Petitioner avers that "the sham 'Settlement Agreement' was signed by Mr. James as 'Shareholder and beneficiary of Broadsheet LLC (under winding up),' as Manager of Steeplechase Financial Services LLC . . . , a Colorado company whose date of incorporation and registered office were left conspicuously blank and which is stated to have entered into the shoes of 'Broadsheet LLC Gibraltar' and through an assignment received the claims of 'Broadsheet LLC under winding up;' and as Chairman of 'Broadsheet LLC,' whose date and place of incorporation and location of its registered office were left suspiciously blank."  Docket No. 3 at 14 n.10.

2

was dissolved on 2 April 2007." Docket No. 3 at 15. Petitioner represents that it has since been reinstated and is authorized by a court-appointed liquidator in the Isle of Man to pursue its arbitral claims. *See id.* at 7 n.2.

In regard to the respondents other than Mr. James, plaintiff identifies what it believes to be "strong indicia that the three corporate Respondents named — Steeplechase, Broadsheet (Colorado), and Sovereign — are corporate alter ego or 'shell' entities over which Mr. James exercised complete control and dominion." *See* Docket No. 3 at 24. Furthermore, petitioner argues that Mr. Tisdale was its attorney throughout its performance of the contract with the Pakistani government and requests that he "release all of [petitioner's] official corporate records." Docket No. 3 at 25.

## II. DISCUSSION

Section 1782(a) of Title 28 of the United States Code provides, in pertinent part, that the "district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." The threshold statutory requirements of Section 1782(a) are met when "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (ellipses and internal quotation marks omitted). These threshold requirements have been met here.

Petitioner seeks the production of documents from the Estate of Edgar Jerome "Jerry" James, Steeplechase Advisors LLC (a/k/a Steeplechase Financial Services LLC and Steeplechase Capital LLC), Broadsheet LLC (Colorado), Sovereign Corporate & Fiscal Services (Colorado) LLC, and Douglas M. Tisdale, Sr., Esq. Petitioner supplies evidence indicating that all of these individuals and entities either reside or can be found in Colorado. Petitioner has also provided a basis to conclude that the requested documents are related to the contract entered into with the Pakistani government, its work pursuant to that contract, and Mr. James's attempt to settle petitioner's claims with the Pakistani government. Finally, as a party to that arbitration proceeding, petitioner is undoubtedly an interested party.

Meeting the statutory prerequisites, however, is not the end of the inquiry. The Court retains discretion over whether to permit the requested discovery. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004). In the exercise of that discretion, the Court notes that the people from whom and the entities from which discovery is sought are not participants in the foreign proceeding. *See id.* at 264 ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). Moreover, petitioner points out that none of the entities are otherwise subject to the jurisdiction of the arbitration tribunal and, therefore, the tribunal cannot "itself order them to produce evidence." *Id.*

The Court also "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign

government or the court . . . abroad to U.S. federal-court judicial assistance." *See id.* At present, the Court cannot conclude that anything about the tribunals or the proceedings raise concerns about granting petitioner's request. Additionally, there is no indication on the present record that petitioner's request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265.[2]

Finally, although the subpoenas request many categories of documents, the Court does not find that on their face the requests are "unduly intrusive or burdensome." *Id*. To the extent the respondents disagree or seek modification of the requirements, such can be the subject of appropriate motions. *See In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) ("[S]uch ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."); *see also In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir.1976). Indeed, "[i]nasmuch as relevant evidence is presumptively discoverable under § 1782, the burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting the denial of a particular application, should rest with the party opposing the application . . . ." *In re Bayer AG*,

---

[2]*Cf. In re Roz Trading Ltd.*, 2007 WL 120844, at *2 (N.D. Ga. Jan. 11, 2007) ("The proceedings before the Centre appear to anticipate that the parties will produce information relevant to the dispute. Although the Centre's arbitral panels are not compelled to accept information produced through discovery, if they choose to request such information, it may only be obtainable through mechanisms such as § 1782(a). Respondent's claim that the arbitral panel might not be receptive to the aid of this Court is purely speculative. Thus, it appears the Centre is fundamentally 'receptive' to such aid for the purposes of this *Intel* criteria.").

5

146 F.3d 188, 195-96 (3d Cir. 1998).[3]

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Petition and Application for Order Under 28 U.S.C. § 1782 Permitting Applicants to Issue Subpoenas for the Production of Documents from the Estate of Edgar Jerome "Jerry" James and Related Individuals [Docket No. 1] is GRANTED. Petitioner is granted leave to issue the subpoenas annexed to the Petition as Attachments 1-5 [Docket Nos. 1-1, 1-2, 1-3, 1-4, 1-5]. It is further

**ORDERED** that petitioner shall issue the subpoenas within thirty days of entry of this order. In the absence of any motions or further activity, this case shall be closed sixty days after the entry of this order.

DATED October 18, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3]*Cf.* Docket No. 8 (petitioner's September 30, 2011 Affidavit of Service detailing its efforts to provide notice of these proceedings to respondents).